FUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.: _____

JUAN M. CRUZ, SR.,

          Plaintiff,

v.

UNLIMITED ELECTRICAL
CONTRACTORS CORP.,

          Defendant.

## COMPLAINT

Plaintiff JUAN M. CRUZ, SR. ("Plaintiff") sues defendant UNLIMITED ELECTRICAL

CONTRACTORS CORP. ("Defendant") and alleges as follows:

## NATURE OF ACTION

1.    This action arises out of Plaintiff's employment relationship with Defendant,

including his discrimination, hostile work environment and wrongful termination in violation of

the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e et seq. ("Title VII"); 42 U.S.C.A.

§ 1981, and the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq*. ("FCRA").

## PARTIES

2.    At all times material, Plaintiff was a resident of Palm Beach County, Florida.

3.    At all times material hereto, Plaintiff was an "employee" as defined by 42 U.S.C.A.

§ 2000e(f).

4.    At all times material hereto, Plaintiff was an "aggrieved person" as defined by the

FCRA, Fla. Stat. § 760.02(10).

5.      At all times material, Defendant was a company with its principal place of business in Broward County, Florida business, and conducting business in Miami-Dade, Broward and Palm Beach Counties. Defendant's business activities affected interstate commerce.

6.      At all times material, Defendant was a "person" and an "employer" as defined by 42 U.S.C.A. § 2000e(a) and (b) and Fla. Stat. § 760.02(7).

7.      At all times relevant, Plaintiff was in a contractual relationship with the Defendant within the meaning of 42 U.S.C.A. § 1981, as amended.

## JURISDICTION AND VENUE

8.      Plaintiff brings this action pursuant to Title VII, the FCRA and 42 U.S.C.A. § 1981.

9.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a) (3) and (4) and 28 U.S.C. § 1367(a). The jurisdiction of the Court is further invoked to secure protection for and to redress the deprivation of rights secured by Title VII, 42 U.S.C.A. § 1981 and the FCRA, § 760.10, Fla. Stat. *et seq*.

10.      Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred within this judicial district, because Defendant has a principal place of business within the district, resides in the judicial district and because the employment records of Plaintiff are, or have been administered, in Broward County.

## PROCEDURAL REQUIREMENTS

11.      Plaintiff has complied with all conditions precedent in filing this action, to wit:

      a.   Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC"), Miami District Office;

      b.   Plaintiff received a Right to Sue Notice from the EEOC on or about November 12, 2020.

12.     Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

**GENERAL ALLEGATIONS**

13.     Plaintiff is a non-White man originally from Mexico.

14.     Plaintiff was employed and worked for Defendant as an Electrical Helper. Plaintiff also worked as a translator and coordinator for Hispanic, non-English speakers.

15.     During his employment, Plaintiff was often subjected to constant discriminatory and racially offensive remarks by his immediate supervisor and agent of the Defendant, Mr. Mark Morosso.

16.     Mr. Morosso would often subject Plaintiff to discriminatory comments he made referring to non-White individuals such as "damn ignorant Hispanics" and "Black bastards." These discriminatory remarks by Mr. Morosso created a hostile work environment for Plaintiff.

17.     A few days before Plaintiff's termination from employment and in overt reference to Plaintiff, Mr. Morosso stated "I fucking hate this Spanish guy." Plaintiff opposed the discriminatory behavior engaged by Defendant's agent by requesting Mr. Morosso to be respectful towards him.

18.     In addition, Plaintiff opposed Mr. Morosso's racially discriminatory remarks by calling the office receptionist and complaining to her about Morosso's biased comments. Plaintiff also expressed his discomfort about having to work with Morosso and requested a transfer.

19.     When Plaintiff returned to his post, Mr. Morosso told Plaintiff to get away from him because he knew that Plaintiff had complained about him to the office.

20.     The following day, in May 2019, Plaintiff was terminated, was told to go home because he had had a problem with Mr. Morosso.

3

21.     Plaintiff inquired about the possibility of receiving pay for accumulated leave and was told that he would be paid "shit."

22.     Plaintiff's work prior to his discharge was satisfactory or more than satisfactory.

23.     Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## COUNT I: VIOLATION OF TITLE VII – RACE DISCRIMINATION

24.     Plaintiff repeats and re-alleges paragraphs 1 – 23 as if fully stated herein.

25.     At all times material to this action, Defendant engaged in unlawful discrimination against Plaintiff due to his race, in violation of Title VII, which prohibits discrimination in the workplace on account of race.

26.     Plaintiff is a non-White, Hispanic man and as such is within a protected class.

27.     Plaintiff was discriminated in the terms, conditions, or privileges of employment and was discharged from his employment with Defendant. Plaintiff's race was a motive to discriminate against him by terminating him from employment in violation of Title VII of the Civil Rights Act, 42 USC § 2000e-2, which makes said discrimination and termination an unlawful employment practice. Plaintiff's race was a motivating factor in the decision to discharge Plaintiff from employment.

28.     The discrimination of Plaintiff by Defendant was on the basis of Plaintiff's race, to wit: Hispanic.

29.     As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is

being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

30.     Defendant intentionally discriminated against the Plaintiff with malice or reckless indifference to his federally protected rights, insofar as Defendant knew that by terminating Plaintiff it was violating federal law, was willfully indifferent to it or recklessly disregarded it.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.     Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII of the Civil Rights Act;

b.     Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

c.     Award Plaintiff compensatory damages under Title VII of the Civil Rights Act for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d.     Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under Title VII of the Civil Rights Act;

e.     Award Plaintiff prejudgment interest on his damages award;

f.     Award Plaintiff reasonable costs and attorney's fees; and

g.     Grant Plaintiff such other and further relief, as this Court deems equitable and just.

**COUNT II: VIOLATION OF TITLE VII – RACE DISCRIMINATION – HOSTILE WORK ENVIRONMENT**

31.     Plaintiff repeats and re-alleges paragraphs 1 – 23 as if fully stated herein.

32.     Plaintiff was harassed and discriminated in the terms, conditions, or privileges of employment. Plaintiff's race was a motive to discriminate against him in violation of Title VII of

5

the Civil Rights Act, 42 USC § 2000e-2, which makes the hostile work environment he endured because of his race an unlawful employment practice.

33.    Plaintiff's race was a motivating factor in the decision to harass Plaintiff and in creating and perpetuating a hostile work environment against him.

34.    As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

35.    Defendant intentionally discriminated against the Plaintiff with malice or reckless indifference to his federally protected rights, insofar as Defendant knew that by creating a hostile work environment against Plaintiff, it was violating federal law, was willfully indifferent to it or recklessly disregarded it.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.    Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII of the Civil Rights Act;

b.    Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

c.    Award Plaintiff compensatory damages under Title VII of the Civil Rights Act for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

6

d.      Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under Title VII of the Civil Rights Act;

e.      Award Plaintiff prejudgment interest on her damages award;

f.      Award Plaintiff reasonable costs and attorney's fees; and

g.      Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT III: VIOLATION OF TITLE VII - NATIONAL ORIGIN DISCRIMINATION

36.     Plaintiff repeats and re-alleges paragraphs 1 – 23 as if fully stated herein.

37.     At all times material to this action, Defendant engaged in unlawful discrimination against Plaintiff due to his nationality, in violation of Title VII, which prohibits discrimination in the workplace on account of nationality.

38.     Plaintiff is a non-White man of Mexican nationality and as such is within a protected class.

39.     The discrimination of Plaintiff by Defendant was on the basis of Plaintiff's national origin, to wit: Mexican.

40.     At all times relevant, Defendant was aware that Plaintiff's national origin was Mexican.

41.     At all times relevant, Plaintiff was qualified for his position as an Electrical Helper for Defendant.

42.     Plaintiff was discriminated in the terms, conditions, or privileges of employment and was discharged from his employment with Defendant. Plaintiff's national origin was a motive to discriminate against him by terminating him from employment in violation of Title VII of the Civil Rights Act, 42 USC § 2000e-2, which makes said discrimination and termination an unlawful

employment practice. Plaintiff's national origin was a motivating factor in the decision to discharge Plaintiff from employment.

43.     As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

44.     Defendant intentionally discriminated against the Plaintiff with malice or reckless indifference to his federally protected rights, insofar as Defendant knew that by terminating Plaintiff it was violating federal law, was willfully indifferent to it or recklessly disregarded it.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.     Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII of the Civil Rights Act;

b.     Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

c.     Award Plaintiff compensatory damages under Title VII of the Civil Rights Act for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d.     Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under Title VII of the Civil Rights Act;

e.     Award Plaintiff prejudgment interest on his damages award;

f.     Award Plaintiff reasonable costs and attorney's fees; and

g.     Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT IV: VIOLATION OF TITLE VII – NATIONAL ORIGIN DISCRIMINATION – HOSTILE WORK ENVIRONMENT

45.     Plaintiff repeats and re-alleges paragraphs 1 – 23 as if fully stated herein.

46.     Plaintiff was harassed and discriminated in the terms, conditions, or privileges of employment. Plaintiff's national origin was a motive to discriminate against him in violation of Title VII of the Civil Rights Act, 42 USC § 2000e-2, which makes the hostile work environment he endured because of his national origin an unlawful employment practice.

47.     Plaintiff's national origin was a motivating factor in the decision to harass Plaintiff and in creating and perpetuating a hostile work environment against him.

48.     As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

49.     Defendant intentionally discriminated against the Plaintiff with malice or reckless indifference to his federally protected rights, insofar as Defendant knew that by creating a hostile work environment against Plaintiff, it was violating federal law, was willfully indifferent to it or recklessly disregarded it.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.     Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII of the Civil Rights Act;

9

b.      Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

c.      Award Plaintiff compensatory damages under Title VII of the Civil Rights Act for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d.      Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under Title VII of the Civil Rights Act;

e.      Award Plaintiff prejudgment interest on her damages award;

f.      Award Plaintiff reasonable costs and attorney's fees; and

g.      Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT V: VIOLATION OF TITLE VII RETALIATION – RACE DISCRIMINATION

50.      Plaintiff repeats and re-alleges paragraphs 1 – 23, 25 – 30 and 32 – 35, as if fully stated herein.

51.      Plaintiff opposed the discriminatory behavior engaged by his immediate supervisor and agent of Defendant against him on account of his race by requesting Mr. Morosso to be respectful towards him.

52.      Also, Plaintiff complained about the discriminatory charged racial slurs and remarks made by Mr. Morosso.

53.      By opposing his immediate supervisor behavior and complaining about it, Plaintiff engaged in a protected activity.

54.      Plaintiff was terminated and retaliated against for opposing and complaining about his immediate supervisor's racially charged remarks addressed towards him on account of his race. But for Plaintiff's opposition and complaint about the racially derogatory remarks made by his immediate supervisor Plaintiff would not have been terminated from his employment.

10

55.     As a direct and proximate result of the intentional retaliatory violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

56.     Defendant intentionally discriminated and retaliated against the Plaintiff with malice or reckless indifference to his federally protected rights, insofar as Defendant knew that by retaliating against the Plaintiff, it was violating federal law, was willfully indifferent to it or recklessly disregarded it.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.      Enter judgment in Plaintiff's favor and against Defendant for its violations of the antiretaliatory provisions of Title VII, 42 USC § 2000e–3(a);

b.      Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c.      Award Plaintiff compensatory damages under the antiretaliatory provisions of Title VII, 42 USC § 2000e–3(a), for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

d.      Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under the antiretaliatory provisions of Title VII;

e.      Award Plaintiff prejudgment interest on his damages award;

f.      Award Plaintiff reasonable costs and attorney's fees; and

g.      Grant Plaintiff such other and further relief, as this court deems equitable and just.

11

## COUNT VI: VIOLATION OF TITLE VII RETALIATION – NATIONAL ORIGIN

57.     Plaintiff repeats and re-alleges paragraphs 1 – 23, 37 – 44 and 46 – 49, as if fully stated herein.

58.   Plaintiff opposed the discriminatory behavior engaged by his immediate supervisor and agent of Defendant against him on account of his national origin by requesting Mr. Morosso to be respectful towards him.

59.     Also, Plaintiff complained about the discriminatory charged slurs and remarks made by Mr. Morosso against Plaintiff's national origin.

60.     By opposing his immediate supervisor behavior and complaining about it, Plaintiff engaged in a protected activity.

61.     Plaintiff was terminated and retaliated against for opposing and complaining about his immediate supervisor's charged remarks addressed towards him on account of his national origin. But for Plaintiff's opposition and complaint about the derogatory remarks made by his immediate supervisor regarding his national origin, Plaintiff would not have been terminated from his employment.

62.     As a direct and proximate result of the intentional retaliatory violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

63.     Defendant intentionally discriminated and retaliated against the Plaintiff with malice or reckless indifference to his federally protected rights, insofar as Defendant knew that by

retaliating against the Plaintiff, it was violating federal law, was willfully indifferent to it or recklessly disregarded it.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.      Enter judgment in Plaintiff's favor and against Defendant for its violations of the antiretaliatory provisions of Title VII, 42 USC § 2000e–3(a);

b.      Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c.      Award Plaintiff compensatory damages under the antiretaliatory provisions of Title VII, 42 USC § 2000e–3(a), for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

d.      Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under the antiretaliatory provisions of Title VII;

e.      Award Plaintiff prejudgment interest on his damages award;

f.      Award Plaintiff reasonable costs and attorney's fees; and

g.      Grant Plaintiff such other and further relief, as this court deems equitable and just.

## COUNT VII: VIOLATION OF 42 USC §1981 – RACE DISCRIMINATION

64.      Plaintiff repeats and re-alleges paragraphs 1 – 23 and 25 – 30 as if fully stated herein.

65.      Plaintiff was discriminated in the terms, conditions, or privileges of employment and was discharged from his employment. The discrimination Plaintiff suffered at the hands of Defendant was caused by and motivated by his Hispanic race or ethnicity.

66.     The unlawful employment practices complained of herein and the actions of Defendant and its agent were and are willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

67.     Because of such actions by Defendant, Plaintiff has suffered both irreparable injury and compensable damage unless and until this court grants relief.

68.     As a direct and proximate result of the intentional discriminatory violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

69.     Defendant intentionally discriminated against the Plaintiff with malice or reckless indifference to his federally protected rights, insofar as Defendant knew that by terminating Plaintiff it was violating federal law, was willfully indifferent to it or recklessly disregarded it.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

a.     Enter judgment in Plaintiff's favor and against the Defendant for its violations of 42 USC §1981 of the Civil Rights Act;

b.     Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c.     Award Plaintiff compensatory damages under 42 USC §1981 of the Civil Rights Act for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

d.      Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under 42 USC §1981 of the Civil Rights Act;

e.      Award Plaintiff prejudgment interest on his damages award;

f.      Award Plaintiff reasonable costs and attorney's fees; and

g.      Grant Plaintiff such other and further relief, as this court deems equitable and just.

## COUNT VIII: VIOLATION OF 42 USC §1981 – RACE DISCRIMINATION – HOSTILE WORK ENVIRONMENT

70.     Plaintiff repeats and re-alleges paragraphs 1 – 23 and 32 – 35 as if fully stated herein.

71.     Plaintiff was discriminated in the terms, conditions, or privileges of employment and was harassed by Defendant and its agent, Plaintiff's supervisor, during his employment. The discrimination in the form of a hostile work environment Plaintiff suffered at the hands of Defendant was caused by and motivated by his race or ethnicity.

72.     The unlawful employment practices complained of herein and the actions of Defendant and its agent were and are willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

73.     Because of such actions by Defendant, Plaintiff has suffered both irreparable injury and compensable damage unless and until this court grants relief.

74.     As a direct and proximate result of the intentional discriminatory violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

75.     Defendant intentionally discriminated against the Plaintiff with malice or reckless indifference to his federally protected rights, insofar as Defendant knew that by creating a hostile work environment against Plaintiff, it was violating federal law, was willfully indifferent to it or recklessly disregarded it.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

a.     Enter judgment in Plaintiff's favor and against the Defendant for its violations of 42 USC §1981 of the Civil Rights Act;

b.     Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c.     Award Plaintiff compensatory damages under 42 USC §1981 of the Civil Rights Act for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

d.     Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under 42 USC §1981 of the Civil Rights Act;

e.     Award Plaintiff prejudgment interest on his damages award;

f.     Award Plaintiff reasonable costs and attorney's fees; and

g.     Grant Plaintiff such other and further relief, as this court deems equitable and just.

## COUNT IX: VIOLATION OF 42 USC §1981 – RETALIATION

76.     Plaintiff repeats and re-alleges paragraphs 1 – 23 and 51 – 56 as if fully stated herein.

77.     Plaintiff was subjected to a hostile work environment and was discharged from his employment in retaliation for opposing Defendant's discriminatory practices. The retaliation

16

Plaintiff suffered at the hands of Defendant was caused and motivated by his opposition and his complaints about Defendant's racially discriminatory remarks and his subjection to a hostile work environment on account of his race or ethnicity.

78.     The unlawful employment practices complained of herein and the actions of Defendant and its agent were and are willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

79.     Because of such actions by Defendant, Plaintiff has suffered both irreparable injury and compensable damage unless and until this court grants relief.

80.     As a direct and proximate result of the intentional retaliatory violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

81.     Defendant intentionally discriminated and retaliated against the Plaintiff with malice or reckless indifference to his federally protected rights, insofar as Defendant knew that by retaliating against the Plaintiff, it was violating federal law, was willfully indifferent to it or recklessly disregarded it.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

a.      Enter judgment in Plaintiff's favor and against the Defendant for its violations of 42 USC §1981 of the Civil Rights Act;

b.      Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

17

c.   Award Plaintiff compensatory damages under 42 USC §1981 of the Civil Rights Act for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

d.   Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under 42 USC §1981 of the Civil Rights Act;

e.   Award Plaintiff prejudgment interest on his damages award;

f.   Award Plaintiff reasonable costs and attorney's fees; and

g.   Grant Plaintiff such other and further relief, as this court deems equitable and just.

## COUNT X: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT – DISCRIMINATION BASED ON RACE

82.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 – 23 and 25 – 30 above as if set out in full herein.

83.   At all times relevant, Defendant failed to comply with the FCRA, which in its relevant section states that it is an unlawful employment practice for an employer to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.

84.   The discrimination of Plaintiff by Defendant was on the basis of Plaintiff's race and/or national origin, to wit: Hispanic.

85.   At all times relevant, Defendant was aware that Plaintiff was Hispanic.

86.   At all times relevant, Plaintiff was qualified for his position as an Electrical Helper for Defendant.

87.   Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by treating Plaintiff differently than similarly situated

18

employees in the terms, conditions, and benefits of his employment by, *inter alia*, terminating Plaintiff because of his race.

88.     As a direct and proximate result of the actions of Defendant as set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

89.     Furthermore, as a direct and proximate result of the actions of Defendant as set forth above, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff, solely because of Defendant's conduct.

90.     The unlawful employment practices complained of herein and the actions of Defendant and its agent were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

91.     Defendant intentionally discriminated against the Plaintiff with malice or reckless indifference to his protected rights, insofar as Defendant knew that by terminating Plaintiff it was violating the FCRA, was willfully indifferent to it or recklessly disregarded it.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

a.     Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b.     Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

c.     Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d.      Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under the FCRA;

e.      Award Plaintiff prejudgment interest on his damages award;

f.      Enjoin Defendant, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing, and retaliating against Plaintiff and any employee;

g.      Award Plaintiff reasonable costs and attorney's fees; and

h.      Grant Plaintiff such other and further relief, as this Court deems equitable and just.

### COUNT XI: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT – RACE DISCRIMINATION – HOSTILE WORK ENVIRONMENT

92.      Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 – 23 and 32 – 35 above as if set out in full herein.

93.      Plaintiff was harassed and discriminated in the terms, conditions, or privileges of employment. Plaintiff's race was a motive to discriminate against him in violation of the FCRA, which makes the hostile work environment he endured because of his race an unlawful employment practice.

94.      At all times relevant, Defendant failed to comply with the FCRA, which in its relevant section states that it is an unlawful employment practice for an employer to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.

95.      Plaintiff's race was a motivating factor in the decision to harass Plaintiff and in creating and perpetuating a hostile work environment against him.

96.      At all times relevant, Defendant was aware that Plaintiff was Hispanic.

97.     Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by creating a hostile work environment for Plaintiff because of his race.

98.     As a direct and proximate result of the actions of Defendant as set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

99.     Furthermore, as a direct and proximate result of the actions of Defendant as set forth above, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

100.    The unlawful employment practices complained of herein and the actions of Defendant and its agent were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

101.    Defendant intentionally discriminated against the Plaintiff with malice or reckless indifference to his protected rights, insofar as Defendant knew that by creating a hostile work environment against the Plaintiff it was violating the FCRA, was willfully indifferent to it or recklessly disregarded it.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

a.      Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b.      Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

c.      Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d.      Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under the FCRA;

e.      Award Plaintiff prejudgment interest on his damages award;

f.      Enjoin Defendant, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing, and retaliating against Plaintiff and any employee;

g.      Award Plaintiff reasonable costs and attorney's fees; and

h.      Grant Plaintiff such other and further relief, as this Court deems equitable and just.

### COUNT XII: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT – DISCRIMINATION BASED ON NATIONAL ORIGIN

102.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 – 23 and 37 – 44 above as if set out in full herein.

103.    At all times relevant, Defendant failed to comply with the FCRA, which in its relevant section states that it is an unlawful employment practice for an employer to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.

104.    The discrimination of Plaintiff by Defendant was on the basis of Plaintiff's national origin, to wit: Mexican.

105.    At all times relevant, Defendant was aware that Plaintiff was Mexican.

106.    At all times relevant, Plaintiff was qualified for his position as an Electrical Helper for Defendant.

107.    Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by treating Plaintiff differently than similarly situated employees in the terms, conditions, and benefits of his employment by, *inter alia*, terminating Plaintiff because of his national origin.

108.    As a direct and proximate result of the actions of Defendant as set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

109.    Furthermore, as a direct and proximate result of the actions of Defendant as set forth above, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

110.    The unlawful employment practices complained of herein and the actions of Defendant and its agent were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

111.    Defendant intentionally discriminated against the Plaintiff with malice or reckless indifference to his protected rights, insofar as Defendant knew that by terminating Plaintiff it was violating the FCRA, was willfully indifferent to it or recklessly disregarded it.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

a.    Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b.    Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

c.      Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d.      Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under the FCRA;

e.      Award Plaintiff prejudgment interest on his damages award;

f.      Enjoin Defendant, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing, and retaliating against Plaintiff and any employee;

g.      Award Plaintiff reasonable costs and attorney's fees; and

h.      Grant Plaintiff such other and further relief, as this Court deems equitable and just.

### COUNT XIII: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT – NATIONAL ORIGIN DISCRIMINATION – HOSTILE WORK ENVIRONMENT

112.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 – 23 and 46 – 49 above as if set out in full herein.

113.    Plaintiff was harassed and discriminated in the terms, conditions, or privileges of employment. Plaintiff's national origin was a motive to discriminate against him in violation of the FCRA, which makes the hostile work environment he endured because of his nationality an unlawful employment practice.

114.    At all times relevant, Defendant failed to comply with the FCRA, which in its relevant section states that it is an unlawful employment practice for an employer to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.

115.    Plaintiff's national origin was a motivating factor in the decision to harass Plaintiff and in creating and perpetuating a hostile work environment against him.

116.     At all times relevant, Defendant was aware that Plaintiff was of Mexican origin.

117.     Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by creating a hostile work environment for Plaintiff because of his nationality.

118.     As a direct and proximate result of the actions of Defendant as set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

119.     Furthermore, as a direct and proximate result of the actions of Defendant as set forth above, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff, solely because of Defendant's conduct.

120.     The unlawful employment practices complained of herein and the actions of Defendant and its agent were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

121.     Defendant intentionally discriminated against the Plaintiff with malice or reckless indifference to his protected rights, insofar as Defendant knew that by creating a hostile work environment against the Plaintiff it was violating the FCRA, was willfully indifferent to it or recklessly disregarded it.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

a.     Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b.     Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

c.     Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d.     Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under the FCRA;

e.     Award Plaintiff prejudgment interest on his damages award;

f.     Enjoin Defendant, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing, and retaliating against Plaintiff and any employee;

g.     Award Plaintiff reasonable costs and attorney's fees; and

h.     Grant Plaintiff such other and further relief, as this Court deems equitable and just.

### COUNT XIV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT – RETALIATION BASED ON RACE

122.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 – 23 and 51 – 56 above as if set out in full herein.

123.    At all times relevant, Defendant failed to comply with the anti-retaliation provision of the FCRA, which in its relevant section states that it is an unlawful employment practice for an employer to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testifies, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section.

124.    Defendant intentionally engaged in unlawful employment practices and retaliation in violation of the FCRA by treating Plaintiff differently than similarly situated employees in the terms, conditions, and benefits of his employment by, *inter alia*, terminating Plaintiff because Plaintiff objected to Defendant's discriminatory remarks and racial slurs and requested from

Defendant's agent to be respectful towards him, complained about the agent's discriminatory remarks and requested a transfer.

125.    Plaintiff's termination was directly and proximately caused by his opposition to Defendant's discriminatory practices regarding his race, complaint of discrimination and request for transfer.

126.    As a direct and proximate result of the actions of Defendant as set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

127.    Furthermore, as a direct and proximate result of the actions of Defendant as set forth above, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

128.    The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

129.    Defendant intentionally discriminated and retaliated against the Plaintiff with malice or reckless indifference to his protected rights, insofar as Defendant knew that by retaliating against the Plaintiff, it was violating the FCRA, was willfully indifferent to it or recklessly disregarded it.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

a.     Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b.      Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

c.      Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d.      Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under the FCRA;

e.      Award Plaintiff prejudgment interest on his damages award;

f.      Enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

g.      Award Plaintiff reasonable costs and attorney's fees; and

h.      Grant Plaintiff such other and further relief, as this Court deems equitable and just.

### COUNT XV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT – RETALIATION BASED ON NATIONAL ORIGIN

130.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 – 23 and 58 – 63 above as if set out in full herein.

131.    At all relevant times relevant, Defendant failed to comply with the anti-retaliation provision of the FCRA, which in its relevant section states that it is an unlawful employment practice for an employer to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testifies, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section.

132.    Defendant intentionally engaged in unlawful employment practices and retaliation in violation of the FCRA by treating Plaintiff differently than similarly situated employees in the terms, conditions, and benefits of his employment by, *inter alia*, terminating Plaintiff because

Plaintiff objected to Defendant's discriminatory remarks and slurs regarding Plaintiff's national origin and requested from Defendant's agent to be respectful towards him, complained about the agent's discriminatory remarks and requested a transfer.

133.   Plaintiff's termination was directly and proximately caused by his national origin, complaint of discrimination and transfer request.

134.   As a direct and proximate result of the actions of Defendant as set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

135.   Furthermore, as a direct and proximate result of the actions of Defendant as set forth above, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

136.   The unlawful employment practices complained of herein and the actions of Defendant and its agent were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

137.   Defendant intentionally discriminated and retaliated against the Plaintiff with malice or reckless indifference to his protected rights, insofar as Defendant knew that by retaliating against the Plaintiff, it was violating the FCRA, was willfully indifferent to it or recklessly disregarded it.

138.   Defendant intentionally discriminated and retaliated against the Plaintiff with malice or reckless indifference to his protected rights, insofar as Defendant knew that by retaliating against the Plaintiff, it was violating the FCRA, was willfully indifferent to it or recklessly disregarded it.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

a.      Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b.      Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

c.      Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d.      Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under the FCRA;

e.      Award Plaintiff prejudgment interest on his damages award;

f.      Enjoin Defendant, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing, and retaliating against Plaintiff and any employee;

g.      Award Plaintiff reasonable costs and attorney's fees; and

h.      Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: January 21, 2021.

Respectfully submitted,

By: /s/ Tanesha W. Blye
Tanesha W. Blye, Esq. Fla. Bar No.: 738158
Email: tblye@saenzanderson.com

Yadhira Ramírez-Toro, Esq.
Fla. Bar No.: 120506
E-mail: yramirez@saenzanderson.com

R. Martin Saenz, Esq.
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*